**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES H. ROBINSON,**

    **Petitioner,**

**vs.**                                                          **CASE NO. 4:05cv376-MMP/AK**

**WALTER A. MCNEIL**[1]

    **Respondent.**

    _____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's petition for writ of habeas corpus. Doc. 1. Respondent has filed his response with supporting exhibits, Doc. 14, and Petitioner has filed his reply. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

Petitioner was charged with one count of burglary of a dwelling and one count of grand theft. Shortly before trial was scheduled to begin, counsel for Petitioner filed a motion to

---

[1] James Crosby is no longer the Secretary of the Florida Department of Corrections, and Walter McNeil, the new Secretary, is substituted in Crosby's stead as the proper respondent.

continue, alleging that the State had tardily submitted to him the fingerprint analysis of its expert which showed that Petitioner's fingerprints were found inside the burglarized home. Counsel charged that a continuance was necessary because "it would be a violation of the defendant's due process [rights] to proceed to trial without...being able to depose the State's fingerprint expert or to have a defense expert examine the fingerprint evidence." Counsel also pointed out that the State had only recently filed its notice to declare Petitioner an habitual offender which significantly increased Petitioner's sentencing exposure.

The court held a hearing on Petitioner's motion. At the beginning of the hearing, counsel explained to the Court that she had sought the continuance against her client's wishes, but she believed it was her "legal duty to protect [his] interests...." After hearing argument, the court denied the continuance and excluded the inside fingerprint evidence, which the State promptly appealed. The court therefore stayed the proceedings and stayed the speedy trial period under Fla. R. Crim. P. 3.191 for a period of 90 days.

Petitioner then moved to dismiss the State's appeal because the lower court did not issue a written order and Florida law foreclosed an appeal from an oral order. The court of appeal granted the motion to dismiss and dismissed the appeal.

The State then turned to the court of appeal for a writ of mandamus to the lower court that it issue a written order excluding the fingerprint evidence. The court granted the writ and directed the trial court to "promptly render a written order memorializing its ruling concerning the exclusion of [the fingerprint evidence]."[2]

---

[2] The Court assumes this is the gist of the mandamus order. The copy submitted by Respondent is incomplete, lacking the second page. *See* Doc. 14, Ex. F3.

Subsequently, the court issued two written orders excluding the fingerprint evidence *nunc pro tunc* to the date of the oral order.  There is no indication that either of these orders was appealed.

By the time the first *nunc pro tunc* order was filed, Petitioner had a different public defender, and he moved "to make available fingerprint evidence of the Defendant for defense expert analysis."  The court granted the motion.  Thereafter, a third public defender, Leonard Holton, who was apparently going to try the case, became ill and requested a continuance, which was granted.  Later, Holton sought a transcript of the deposition of Andy Parker, the State's fingerprint expert, which was also granted.

By the time the case finally came to trial on January 31, 2003, a different judge presided.  Holton's representation continued.  Parker was called as a witness and testified that Petitioner's prints were found on the exterior of the home and on a food processor in the kitchen.  Though counsel objected to Parker's testimony on other grounds, he did not object to his testimony as violative of the court's orders of exclusion, one of which was actually signed by the original judge less than 60 days before trial commenced.  Petitioner was convicted on both counts and subsequently sentenced as an habitual offender to 20 years on the burglary count and a concurrent term of 706 days time served on the grand theft count.

Petitioner appealed, and the court of appeal affirmed without opinion. *Robinson v. State*, 871 So.2d 213 (Fla. Dist. Ct. App. 2004).

Before the conclusion of the direct appeal, Petitioner filed a 3.800 motion and a separate 3.850 motion. In denying the motion for post-conviction relief pursuant to Rule 3.850, the court found, in pertinent part:

> The Defendant alleges trial counsel was ineffective for failing to object to fingerprint evidence previously ruled inadmissible when trial was to commence initially on 10/22/01. The court had denied a continuance for a discovery violation and was ruling the evidence inadmissible. An appeal was taken by the state and regardless, the case was continued. On 1/28/03, the trial began and the evidence admitted. The failure to object was not ineffective assistance. The motion would have been denied. The discovery violation authorizing exclusion was mooted and cured by the delay in trial. The Defendant's sworn allegations support this conclusion.

Doc. 14, Ex. W.

The instant petition followed. On this occasion, Petitioner raises only one claim, i.e., that counsel was ineffective for failing to object to the introduction of the fingerprint evidence which had been previously excluded. Doc. 1.

## **DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*,

529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002). Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation. *Id*. at 1254-55.

Because Petitioner's claim involves ineffective assistance of counsel, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). This standard is objective, and "it

matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007). "The relevant question is not what actually motivated counsel, but what reasonable could have motivated counsel." *Id*. When the court "can conceive of a reasonable motivation for counsel's actions," it can deny the claim of ineffectiveness without evidentiary hearing. *Id*. "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*. Quite importantly,

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.  Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.  Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable.  *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between."  *Chandler*, 218 F.3d at 1313 (11th Cir. 2000).  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted.  *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

There can be no dispute that Petitioner was convicted based on his palm print being found in the interior of the home, as it was the only evidence which placed him inside the burglarized house.  The question, though, is whether the state court's application of *Strickland* was unreasonable, not whether it was incorrect or whether this Court would have reached a contrary conclusion in the first instance.

Having carefully considered the matter, the Court finds that even if counsel had objected to the introduction of the fingerprint evidence found inside the home, there is not a reasonable probability that the court would have sustained the objection.  The reason that the Court originally excluded the evidence was because the State had been dilatory in analyzing all of the fingerprints lifted at the residence, resulting in the defense being misled into thinking that

Petitioner's prints had been found only on the exterior of the home. After trial of the case was delayed because of the various proceedings in the appellate court, the reason for the exclusion evaporated because counsel then had time to depose Parker, discover the substance and basis of his opinion, and determine whether a counter-expert could be found. Thus, the state court's conclusion that Petitioner was not prejudiced by the failure to object was neither contrary to nor an unreasonable application of *Strickland*.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and that this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 3rd day of March, 2008.

 S/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**