IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES H ROBINSON,

    Petitioner,

v.        CASE NO. 4:05-cv-00376-MP-AK

JAMES V CROSBY,
WALTER A MCNEIL,

    Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 21, Report and Recommendation of the Magistrate Judge, recommending that the Petition for Writ of Habeas Corpus, Doc. 1, be denied, and that this cause be dismissed with prejudice. The petitioner filed objections, doc. 23, which the Court has reviewed.

The petitioner was convicted in state court of grand theft and burglary of a dwelling. On the eve of his state trial, he moved to continue because the state was dilatory in revealing that a palm print of his was found inside the house. Thus, the defendant had not had a chance to analyze the print evidence or depose the print expert. The trial court did not continue the trial. Instead, the judge ruled the evidence inadmissible. The state appealed, however, and the state court stayed the trial to wait for the appeal to resolve.

Eventually the state appellate court dismissed the appeal because there was no written order by the trial court. The state then obtained a writ of mandamus compelling the trial court to issue a written order, and the trial court entered two *nunc pro tunc* orders excluding the print evidence. In the meantime, the petitioner moved to make the fingerprint evidence available to

him, and the motion was granted. Also, the petitioner was allowed to depose the expert and the trial was continued until he could do so.

At the trial, which was before a different judge and at which petitioner was represented by a different attorney, the Court allowed the fingerprint evidence in without objection by petitioner's counsel. The petitioner was convicted and his conviction was affirmed on appeal. The petitioner now attacks his conviction for ineffectiveness of trial counsel. He offers only the single claim that his counsel was ineffective for not objecting to the previously excluded fingerprint evidence. The undersigned agrees with the Magistrate Judge, however, that counsel was not ineffective because the objection would have been overruled. The surprise and unfairness caused by the discovery error by the state no longer existed by the time the trial finally took place. Petitioner had viewed all the print evidence and was able to depose the expert witness. Thus, the objection to the evidence would not have succeeded, and counsel was not ineffective for failing to raise an argument that would not have succeeded. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. The petition is denied, and this case dismissed with prejudice. The Clerk is directed to close the file.

**DONE AND ORDERED** this  4th  day of November, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge